IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOUGLAS EDWARD WHEATON JR., )
                                                                              )
        Plaintiff, )
                                                                              )  Civil Action No. 21-838
    vs. )
                                                                              )
KILOLO KIJAKAZI,[1] )
*Acting Commissioner of Social Security*, )
        Defendant.

ORDER

AND NOW, this 26th day of September 2022, the Court has considered the parties' summary judgment motions and will order judgment in Defendant's favor except as to costs.[2] The Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act") 42 U.S.C. § 1381 *et seq.*, is supported by substantial evidence; therefore, it will be affirmed. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).[3]

---

[1]     Kilolo Kijakazi is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).  There is no impact on the case.  42 U.S.C. § 405(g).  The Clerk is directed to amend the docket to reflect the substitution.

[2]     Defendant has asked not only for a favorable determination of her summary judgment motion, but also that costs be taxed against Plaintiff.  The latter request is not supported by argument in her accompanying brief; therefore, the Court's Order excludes an award of costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

[3]     Plaintiff has raised two main challenges to the ALJ's decision in this matter.  First, he has argued that the ALJ formulated a residual functional capacity ("RFC") that included a higher reading/language level than Plaintiff can sustain.  Second, Plaintiff argues that one of the jobs the ALJ identified for him—document specialist (hereinafter "document preparer")—has higher demands of reasoning that Plaintiff's limitation to "simple, routine, repetitive tasks" (R. 14) will allow.  As explained herein, the Court will affirm the ALJ's decision finding Plaintiff to be not disabled.

The ALJ's decision is subject to plenary review for legal errors and substantial evidence review for findings of fact. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994) (citation omitted). The United States Supreme Court has recently reiterated that "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high" for challenges to disability determinations. *Biestek*, 139 S. Ct. at 1154. An ALJ's decision must, however, be thorough enough for a reviewing court to follow the ALJ's reasoning and confirm that his or her conclusions are appropriately supported. *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (explaining that an ALJ must "build an accurate and logical bridge between the evidence and the result" and, therein, explain his or her consideration of probative evidence). Further, an ALJ may not reject evidence "for no reason or for the wrong reason." *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (citation omitted).

ALJs assess disability in five steps, *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999), whereby an ALJ asks "whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work." *Roberts v. Astrue*, No. 02:08-CV-0625, 2009 WL 3183084, at *2 (W.D. Pa. Sept. 30, 2009) (citations omitted); 20 C.F.R. § 416.920(a)(4)(i)—(v). For steps four and five, the ALJ must formulate the claimant's RFC, which is the ALJ's finding of the most a claimant "can still do despite [his or her] limitations." 20 C.F.R. § 416.945(a)(1). Throughout this evaluation it is the claimant's burden to demonstrate disability, except that a limited burden shifts at the fifth step "where the Commissioner bears the burden of establishing the existence of other available work that the claimant is capable of performing." *Zirnsak v. Colvin*, 777 F.3d 607, 611—12 (3d Cir. 2014).

In this matter, the ALJ found that Plaintiff (1) was not working; (2) had several severe impairments, including "a learning disorder;" (3) had no impairment that met or equaled criteria for a presumptively disabling impairment; and (4) that his RFC included the capacity for "sedentary work" with further exertional limitations (*e.g.*, using a cane while on his feet) and non-exertional limitations. (R. 12—14). The non-exertional limitations were limitation "to jobs involving no more than simple, routine, repetitive tasks, performed in a low stress work environment (defined as one involving no high-volume productivity requirements and very infrequent unexpected changes); no more than occasional interaction with the public, co-workers, and supervisors; and no more than reading/language level 2." (R. 14). After finding Plaintiff had no past work (R. 20), the ALJ found he could adjust to other work as an addresser/sorter, document preparer, or film touch-up inspector. (R. 21).

Plaintiff's arguments for remand surround two of the non-exertional limitations in the RFC: the limitation to work "involving no more than simple, routine, repetitive tasks;" and the limitation to jobs that demand "no more than reading/language level 2." (R. 14). Plaintiff's first argument pertains to the reading/language level limit. Plaintiff challenges the sufficiency of this limitation when there is evidence in the record suggesting that he could only read at a third-grade

level.  Language development level appears in the Dictionary of Occupational Titles ("DOT") which is "a vocational dictionary that lists and defines all jobs available in the national economy and specifies what qualifications are needed to perform each job." *Seifert v. Comm'r of Soc. Sec.*, No. CV 16-8-J, 2017 WL 1209574, at *1 n.1 (W.D. Pa. Mar. 30, 2017) (citation omitted).  The qualifications for various occupations in the DOT include "a General Educational Development ('GED') level" which itself is composed of "reasoning, mathematical, and language development level[s]" rated on a scale of one to six.  *Id.* (citing DOT, App. C, § III).  Level one represents the least ability and, for language development, level one encompasses a first-through-third grade reading level.  (R. 95).  In this matter, the ALJ found Plaintiff to be capable of jobs with up to a "reading/language level 2."  (R. 14).  Level two goes up to a sixth grade reading level.  (R. 95); *Bibb v. Comm'r of Soc. Sec.*, No. 19-13428, 2020 WL 8464418, at *6 (E.D. Mich. Nov. 30, 2020), *report and recommendation adopted sub nom. Bibb v. Saul*, No. 2:19-CV-13428, 2021 WL 287731 (E.D. Mich. Jan. 28, 2021) (citing cases).  Thus, Plaintiff argues the ALJ must have rejected evidence showing only a third grade reading level in his record to arrive at the level-two limitation in the RFC, and that the ALJ failed to give a reason for rejecting that evidence.

       Having considered the ALJ's explanation of his evaluation of the evidence pertaining to Plaintiff's mental impairments and resultant limitations, the Court finds no error in his articulation of the level-two language limit.  Plaintiff's argument that the ALJ "admi[tted] that Plaintiff reads at a third-grade level" (Doc. No. 19, pg. 6) but, regardless and without explanation, articulated a level-two language limit is an oversimplification.  The ALJ's decision shows that he reconciled competing evidence rather than overlooked evidence contrary to his findings.  Evidence in the record supported finding "a learning disorder" among Plaintiff's severe impairments (R. 14), and Plaintiff alleged difficulty with "more than basic reading," though some "mental status examinations showed no apparent cognitive deficits."  (R. 14, 15).  Considering the objective evidence, the ALJ acknowledged references in Plaintiff's record "to testing in 2018 showing a third-grade literacy level" and diagnosis of "moderate intellectual disabilities," but the ALJ further considered evidence that Plaintiff had "graduated from high school and attended vocational school for auto body repair."  (R. 18).  Based on this and medical opinion evidence that Plaintiff could "perform simple, routine, repetitive tasks" and generally "meet the basic mental demands of competitive work," the ALJ found that limitation to jobs requiring no more than "reading/language level 2" would accommodate Plaintiff's limitations.  (R. 14, 19—20).  The Court is satisfied by this explanation for the finding.  It provides an adequate glimpse into the ALJ's reasoning and shows that the ALJ did not overlook any relevant evidence; rather, the ALJ considered all the evidence and articulated a reasonable limitation in the RFC.  The finding is well supported, and the Court will not disturb it.  *Thomas v. Saul*, No. CV 20-1604, 2021 WL 4429431, at *1 n.2 (W.D. Pa. Sept. 27, 2021) (citing *Maloney v. Celebrezze*, 337 F.2d 231, 233 (3d Cir. 1964)) (explaining that "[a]n ALJ's reasonable inference from the evidence is secure because ALJs are not merely recorders of overt facts, but rather, fact finders").

       Plaintiff's other argument—which pertains to the limitation to simple, routine, repetitive tasks—is that the ALJ failed to investigate an apparent conflict between that limitation and the

level of reasoning necessary for one of the three occupations the ALJ found to be suitable for Plaintiff.  Like language development, reasoning development is a component of GED.  The ALJ identified three occupations for Plaintiff at step five: addresser, DOT 209.587-010; document preparer, DOT 249.587-018; and film touch-up inspector, DOT 726.684-050.  Two of these require level-two reasoning, but document preparer requires level-three reasoning.  For level-three reasoning, a claimant "must be able to 'apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form,'" as well as "[d]eal with problems involving several concrete variables in or from standardized situations."  *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009) (citation omitted).  In *McClain v. Saul*, this Court explained how to address an allegation of conflict between functional limitations and reasoning level.  No. CV 20-1690, 2021 WL 5015776 (W.D. Pa. Oct. 28, 2021).  Therein the Court explained that ALJs rely on vocational experts ("VE") to determine "whether a claimant's abilities . . . will meet the requirements for a particular occupation."  *Id.* at 2021 WL 5015776, at *1 n.2.  Accordingly, an ALJ must ask a testifying VE whether his or her testimony is consistent with the DOT before relying on that testimony.  *Id.*  If there is a conflict, the ALJ must seek "a reasonable explanation" and explain how he or she resolved it in the decision.  *Id.*; SSR 00-4P, 2000 WL 1898704, at *4 (S.S.A. Dec. 4, 2000).

When a VE testifies that there is no conflict, but the claimant challenges that assessment, the Court considers whether the claimant was harmed by the lack of further investigation of a potential conflict.  *Zirnsak*, 777 F.3d at 618—19.  In *Zirnsak*, the United States Court of Appeals for the Third Circuit explained that there is "no bright-line rule stating whether there is a *per se* conflict between a job that requires level 3 reasoning and a finding that a claimant should be limited to simple and routine work."  *Id.* at 618.  The presence of "evidence in the record that suggests the claimant [could] engage in occupations with a reasoning level of 3 despite being limited to simple, routine work" could render an error harmless.  *McClain*, at 2021 WL 5015776, at *1 n.1.  To determine the appropriate outcome, the *Zirnsak* Court considered three factors: (1) "that the claimant had not seriously argued that she could not perform the jobs identified by the VE;" (2) "that claimant/claimant's counsel had not identified inconsistencies or questioned the VE about them at the administrative hearing;" and (3) "that the occupations the VE identified were 'illustrative,' not 'exhaustive.'"  *McClain*, at 2021 WL 5015776, at *1 n.2 (citing *Zirnsak*, 777 F.3d at 618—19; *Diaz v. Colvin*, 2017 WL 1078229, at *16 (M.D. Pa. Mar. 22, 2017)).  In *Zirnsak*, the Third Circuit decided that those factors indicated that "any conflict was not so obvious that the ALJ should have pursued the question."  777 F.3d at 619 (citing *Simpson v. Astrue*, 2011 WL 1883124, at *7 (E.D. Pa. May 17, 2011)).

In this matter, the ALJ asked the VE if there was any inconsistency between her testimony and the DOT.  (R. 98).  She replied "No."  (*Id.*).  Plaintiff's counsel did not challenge the VE's response or raise any question about reasoning levels.  (*Id.*).  Further, the occupations that the ALJ identified for Plaintiff were "representative occupations" rather than an exhaustive list of appropriate occupations.  (R. 21).  The only factor that weighs in favor of finding a harmful error is that Plaintiff has challenged his ability to perform at the level demanded by occupations with a level-three reasoning requirement.  (Doc. No. 19, pg. 10).  He points to the

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 18) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 20) is GRANTED as specified above.

s/ Alan N. Bloch
United States District Judge

ecf:    Counsel of Record

---

ALJ's inclusion of a learning disorder among his severe, medically determinable impairments and his subjective allegations of symptoms related thereto. (*Id.*). He also highlights evidence in his treatment record of difficulties with memory and stress, as well as interactional difficulties. (Doc. No. 19, pg. 11). However, the evidence Plaintiff relies on is evidence the ALJ considered and accommodated when he formulated Plaintiff's RFC. Plaintiff's difficulties with memory, focus, and people were accommodated by limitation to simple, routine, repetitive tasks and only occasional interactions with the public, co-workers, and supervisors. (R. 14). Not only that, but this evidence does not obviously show Plaintiff lacks sufficient ability to be a document preparer. Thus, the Court finds no harmful error in the ALJ's reliance on the VE's testimony in finding Plaintiff's RFC would permit work as a document preparer. Having decided so, the Court need not address Plaintiff's remaining arguments that the number of jobs available to Plaintiff without the document preparer jobs would be insufficient to support a non-disability determination, nor Plaintiff's argument that the occupation of "addresser" is nearly obsolete. For this and the foregoing reasons, the ALJ's decision finding Plaintiff to be not disabled is affirmed.